IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br>Plaintiff,</br></br>v.</br></br>SYSCO OKLAHOMA, LLC.,</br></br>Defendant. | )</br>)</br>)</br>)</br>) CIVIL ACTION NO. CIV-11-460-HE</br>)</br>)</br>)</br>) JURY TRIAL DEMAND</br>) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Amendments Act of 2008, as amended, ("ADAAA") to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Amanda L. Thompson, the Charging Party, who was adversely affected by such practices.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12117(a), as amended, which

incorporates by reference Sections 2000e-4 through 9 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

    2.   The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

    3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADAAA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*.

    4.   At all relevant times, Defendant SYSCO OKLAHOMA, LLC.,(the "Defendant"), has continuously been doing business in the State of Oklahoma and the City of Norman, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADAAA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADAAA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADAAA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Amanda Thompson timely filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least February 2, 2009, Defendant has engaged in unlawful employment practices, in violation of Section 102 of Title I of the ADAAA, 42 U.S.C. § 12112, in that:

(a).  Amanda Thompson has scoliosis which required extensive surgeries, including the insertion of two metal rods and 39 screws to address the deficient curvature of her spine. Her scoliosis substantially limits her in the major life activities of walking, standing, running, lifting, bending, pushing, and pulling. Accordingly, she is a qualified individual with a disability as defined in the ADAAA.

(b).  Ms. Thompson was placed as a temporary employee at Defendant by Express Personnel on or about December 17, 2008, in the position of Customer Service Representative. Ms. Thompson was informed by Express Personnel that the position had the potential to become permanent. Her

      immediate supervisor at Defendant was Matt Warford.  Several weeks after her employment began, Warford told Ms. Thompson that he was happy with her work and asked her if she would consider becoming a full-time permanent Customer Service Representative for Defendant.  At all relevant times, Amanda Thompson was an employee of Defendant.

(c).  Ms. Thompson while an employee of Defendant performed all her job duties in a fully satisfactory manner without the need for any assistance, special treatment, or a reasonable accommodation.

(d).  On February 2, 2009, after arriving at work, Ms. Thompson parked in a handicap parking space for which she possessed and displayed a handicap

                parking placard issued by the State of Oklahoma.  Defendant's Director of Human Relations, Sally Cavins, saw Ms. Thompson park and leave her car.  Shortly afterwards, Warford told Ms. Thompson that Cavins demanded to know (1) why she used the handicap parking space; (2) what was her disability, and (3) to produce her medical records about her disability.  Warford admitted that he thought these demands were unlawful, but suggested that Ms. Thompson tell Defendant the nature of her disability.  Ms. Thompson then disclosed her disability.

(e).      The same day, February 2, 2009, Defendant demanded that Ms. Thompson produce to it by February 9, 2009, her doctor's release certifying that

                            she was able to work without restriction or she would be terminated. Therefore, without lawful justification, Defendant discriminated against Ms. Thompson on or about February 2, 2009, by making prohibited inquiries as to whether she was an individual with a disability, as to the nature and severity of her disability, and by demanding she produce a physician's full release.

(f).          On February 6, 2009, Ms. Thompson obtained from her treating doctor a statement releasing her to work for Defendant without restrictions. That day, Ms. Thompson informed both Defendant and Express Personnel that she had the release. However, Express Personnel informed Ms.

       Thompson that it had been informed by Defendant that Defendant had terminated Ms. Thompson.

 (g).  Therefore, Defendant discriminated against Ms. Thompson by terminating her employment on or about February 6, 2009, based on its unlawful inquiry and on the basis of her disability.

 9. The effect of the practices complained of in paragraphs 8 (a) through (g) has been to deprive Ms. Thompson of equal employment opportunities and otherwise adversely affect her employment status on the basis of her disability.

 10. The unlawful employment practices complained of in paragraph 8 (a) through (g) above were intentional.

 11. The unlawful employment practices complained of in  paragraph 8 (a) through (g) above were done with malice or with reckless indifference to the federally

protected rights of Ms. Thompson, thus entitling her to an award of punitive damages.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of disability.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons with disabilities, to eradicate the effects of Defendant's past and present unlawful employment practices.

C.   Order Defendant to make Amanda Thompson whole by providing appropriate back pay with prejudgment interest in amounts to be determined at trial and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Amanda Thompson whole by providing compensation for past, present, and future pecuniary and non-pecuniary injuries resulting from the unlawful practices complained of at paragraph 8(a) through (g), above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, embarrassment and humiliation, in amounts to be determined at trial.

E. Order Defendant to reinstate Amanda Thompson, or compensate her with an appropriate amount as front pay, along with applicable interest.

F. Order Defendant to pay Amanda Thompson punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                Respectfully Submitted,

                P. DAVID LOPEZ
                General Counsel

                JAMES L. LEE
                Deputy General Counsel

                GWENDOLYN YOUNG REAMS
                Associate General Counsel

                /s/ Barbara A. Seely
                BARBARA A. SEELY
                Regional Attorney

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                St. Louis District Office
                122 Spruce Street,
                Room  8.100
                St. Louis, Missouri 63103
                314-539-7910
                facsimile: 314-539-7895
                barbara.seely@eeoc.gov

                /s/ C. Felix Miller
                C. FELIX MILLER
                Supervisory Trial Attorney

                EQUAL EMPLOYMENT
                OPPORTUNITY COMMISSION
                St. Louis District Office
                122 Spruce Street,
                Room 8.100
                St. Louis, Missouri 63103
                314-539-7914
                facsimile: 314-539-7895
                felix.miller@eeoc.gov

/s/Patrick J. Holman
PATRICK J. HOLMAN,
OBA No.: 21216
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave.,
Suite 524
Oklahoma City, OK 73102
(405) 231-4363 (telephone);
(405) 231-5816 (fax)
patrick.holman@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**