IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                         )
        Plaintiff, )
                         )
    v. )                  
                         )
SYSCO OKLAHOMA, LLC., )    Case No. 11-cv-0460-HE
                         )
      Defendant. )

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC") commenced this

action alleging that Defendant Sysco Oklahoma LLC, ("Sysco") discriminated against

Amanda Thompson in subjecting her to unlawful inquiries and in terminating her

employment on the basis of her disability in violation of the Americans with Disabilities

Act of 1990, as amended ("ADA").

For purposes of settlement and compromise only, the parties have advised the

Court that they wish to resolve the instant controversy without the expense, delay, and

burden of further litigation. The parties acknowledge that the settlement of this lawsuit

and entry of this Consent Decree do not constitute an admission of any violation of the

ADA nor is it an adjudication on the merits of the action.

THEREFORE, it is the finding of this Court, made on the pleadings, the record as a

whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the

parties to and the subject matter of this action; (ii) the requirements of the ADA shall be

carried out by the entering of this Decree; (iii) this Decree is intended to and does resolve

all matters arising under the ADA in this lawsuit; and (iv) the terms of this Decree

constitute a fair and equitable settlement of all issues arising under the ADA in this lawsuit.

## IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

### I. General Provisions

1.      The Consent Decree is being entered by and with the consent of the parties for purposes of settlement.

2.      Defendant shall not discriminate against any applicant or employee ("employee") by making unlawful inquiries, offering different terms and conditions of employment or termination of employment on the basis of the employee's disability, actual or perceived, and/or any other factor prohibited by law.

3.      Defendant shall not retaliate against any employee because such employee has: (i) opposed any employment practice alleged to constitute discrimination; (ii) participated in an investigation concerning or related to allegations of such discrimination; and/or (iii) participated in this lawsuit and/or the underlying EEOC investigation of the charge which formed the predicate for this lawsuit.

### II. Relief for Charging Party

### A. Monetary Relief

1.      Defendant shall pay to Charging Party Amanda Thompson-McDonald the compromised gross sum of **$82,000** to be paid in one check for **$30,626.00,** as and for back wages and lost benefits, subject to tax withholdings, along with an itemized statement of deductions for all applicable local, state, and federal tax

withholdings, and the issuance of a W-2 statement as required by law; and a second check for **$51,374,** for which an IRS 1099 Form will be issued as required by law. Defendant shall mail the checks using certified mail, delivery restricted to addressee, to Amanda Thompson-McDonald at 2243 County Street 2960, Blanchard, OK 73010 within fifteen (15) business days of the entry of this Consent Decree by the Court.

### B. Confirmation of Compliance

1.      Within fifteen (15) business days of the entry of the Consent Decree, Defendants shall mail and fax to Patrick Holman, Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, counsel of record for Plaintiff EEOC, photocopies of the checks described in Paragraph II.A, as confirmation of receipt of payment.

### III. Injunctive Relief, Training, and Monitoring

### A. Notice Posting and Policy

1.      Within fifteen (15) days of the entry of the Consent Decree, Defendant shall sign and post a Notice, attached hereto as Exhibit A, where notices to employees and/or applicants for employment are customarily posted upon the premises of Sysco Oklahoma LLC, 1350 W Tecumseh Rd., Norman, Ok., 73069 ("Norman facility"). Such Notice shall remain posted for one (1) year following entry of the Decree.

2.      Within ninety (90) days of the entry of the Consent Decree, Defendant shall revise their current formal, written anti-discrimination policies, to include (if not already addressed) but not limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including the ADA and its prohibition against discrimination based upon any real of perceived disability and retaliation; and procedures for reporting discrimination. Within the aforementioned ninety (90) day time period,

Defendant shall forward a copy of the non-discrimination policy to Plaintiff c/o Patrick Holman, Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste, 524, Oklahoma City, OK 73102, counsel of record for Plaintiff EEOC to review. After review, Defendant shall provide a copy of the policy to all employees, both management and non-management ("all employees"), at the Norman facility. Defendant shall report compliance as to distribution of the policy to the Commission c/o Patrick Holman, Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, counsel of record for Plaintiff EEOC.

3.      It is agreed that Defendant shall eliminate any formal or informal policy or practice that requires employees known or believed to be impaired in some way to obtain and submit to Defendant a physician's release stating they are 100% able to perform the essential functions of their job without restriction in order to continue to work.

### B. Training

1.      During the first year of this Decree, Defendant shall provide live training programs, lasting at least one (1) hour in duration, to all employees at the Norman facility. Each training program shall emphasize the ADA's prohibition upon unlawful discrimination on the basis of disability. Each training program shall also include an explanation of Defendant's respective policies referenced in paragraph III. A. (2) above, and an explanation of the rights and responsibilities of employees and managers under the policy. During the following year, Defendant will provide a one hour live refresher to all managers and supervisors at the Norman facility.

The first training program shall be completed within one hundred and twenty (120) days after the entry of the Consent Decree. The subsequent refresher training program shall be conducted approximately one year later.

2.      It is agreed that an outside vendor, knowledgeable of the Americans with Disabilities Act, as amended, and disability discrimination law, and experienced in and skilled at live training shall provide live training to Defendant in accordance with Part III(B).

### C. Monitoring

1.      Within fifteen (15) days of the entry of the Consent Decree, Defendant shall mail copies of the Notice described in Paragraph III.A.1 , above, to Patrick Holman, Trial Attorney, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, counsel of record for Plaintiff EEOC.

2.      At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission that the training was undertaken and shall provide the Commission with a roster of all employees in attendance.

### IV. Term and Effect of Decree

1.      By entering into the Consent Decree, the parties do not intend to resolve any claims of discrimination other than those within the charge filed with the EEOC, which formed the foundation for the Complaint in this action.

2.      The Consent Decree shall be in force for a period of two (2) years during which term the Court shall retain jurisdiction for compliance and enforcement purposes.

3.      The Consent Decree shall be binding upon the parties hereto, their successors and assigns. Defendant shall notify any successors and assigns, including but not limited to any and all purchasers or prospective purchasers, of the obligations of the

Consent Decree during the two (2) year term of the Consent Decree.

4.    The parties shall bear their own costs and attorneys' fees.

**IT IS SO ORDERED**.

Dated this 6th day of December, 2011.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

BARBARA A. SEELY
Acting Regional Attorney

C. FELIX MILLER
Supervisory Trial Attorney

Patrick J. Holman, 013A No. 21216
Trial Attorney, EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Oklahoma City Area Office
215 Dean A. McGee Ave., Suite 524
Oklahoma City, OK 73102
(405) 231-4363; (405) 231-5816 (fax)
patrick.holman@eeoc.gov

**Attorney for Plaintiff EEOC**

-&-

Natalie K. Ramsey, OBA No. 19548
Joshua W. Solberg, OBA No. 22308
McAfee & Taft, A Professional Corporation
10th Floor, Two Leadership Square 211 N.
Robinson
Oklahoma City, Oklahoma 73102
Phone: (405) 235-9621; Fax: (405) 235-0439
natalie.ramsey@mcafeetaft.com
josh.solbert@mcafeetaft.com

**Attorneys for Defendant Sysco Oklahoma LLC**

**EXHIBIT A** [Sysco letterhead]

## NOTICE TO EMPLOYEES AND APPLICANTS

Pursuant to the Americans with Disabilities Act of 1990 (the ADA) as enforced by the Equal Employment Opportunity Commission, this Notice serves to reaffirm Sysco Oklahoma LLC 's continued commitment to a workplace free from unlawful discrimination, including unlawful discrimination on the basis of disability.

Federal laws, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, the Age Discrimination in Employment Act, and the Equal Pay Act, prohibit discrimination against any employee or applicant for employment because of the individual's sex, disability, religion, race, color, national origin, genetic information and/or age (40 and above) with respect to hiring, promotion, firing, compensation, harassment, accommodation requests, and/or other terms, conditions, or privileges of employment. Federal laws prohibit retaliation against an employee or applicant who exercises any rights guaranteed by such laws. The ADA specifically requires Sysco Oklahoma LLC not to discriminate based on disability, and limits the types of disability related inquiries it can make to applicants and employees.

Sysco Oklahoma LLC fully supports such federal laws and will not discriminate or take any action against any employee or applicant for reporting discrimination, opposing discrimination, and/or participating in any internal, government agency, or court investigation or proceeding related to possible discrimination or retaliation. Any employee or applicant who is concerned that prohibited discrimination or retaliation has occurred should report such concern to a manager or human resources representative as promptly as possible. Such employee or applicant also may contact the Equal Employment Opportunity Commission, EEOC, Oklahoma City Area Office, 215 Dean A. McGee Ave., Ste. 524, Oklahoma City, OK., 73102, (405) 231-4911. See www.eeoc.gov for additional information.

_____

[corporate representative, job title, Sysco Oklahoma LLC]


_____

Date

8